# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                            NO. 4:11CR00082-02 JLH

GEOFFREY KYLE HULSEY                                                DEFENDANT

## ORDER

Defendant Geoffrey Kyle Hulsey filed an Uncontested Motion for Psychiatric Evaluation to Determine Defendant's Competency to Stand Trial on November 16, 2011. The motion was previously GRANTED. The United States Marshal for the Eastern District of Arkansas has informed the Court that Geoffrey Kyle Hulsey has been designated to FDC SEATAC in SEATTLE, WASHINGTON, for the examination. Accordingly, the United States Marshal is directed to transport Geoffrey Kyle Hulsey to FDC SEATAC, in SEATTLE, WASHINGTON forthwith.[1]

Pursuant to 18 U.S.C. § 4247(b) and (c), Geoffrey Kyle Hulsey shall be remanded to the custody of the Attorney General or his authorized representative for a period not to exceed forty-five (45) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4242 and for a period not to exceed thirty (30) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241; and that unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.

Pursuant to 18 U.S.C. § 4247(c), the person conducting the examination must file a report with this Court with copies to counsel for the United States, Assistant United States Attorney Patricia Sievers Harris, Post Office Box 1229, Little Rock, Arkansas, 72203, and to counsel for the defendant, David R. Cannon, Cannon Law Firm, PLC, 425 West Broadway, Suite A, North Little

---

[1] Based on 18 U.S.C. § 3161(h)(1)(H), time consumed by transportation in excess of ten (10) days from today is presumed unreasonable under the Speedy Trial Act.

Rock, Arkansas 72114.

The report must state whether Geoffrey Kyle Hulsey is suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; whether he was insane at the time of the offense; and, if he was insane, whether his release would create a substantial risk of bodily injury to another person or serious damage to property of another person.

Fourteen (14) days from the date the examination report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for hearing or a motion in opposition, including a concise statement of opposition to the report and supporting authorities. If no motions are filed within fourteen (14) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and the period of excludable delay will end.[2]

IT IS THEREFORE ORDERED that the delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (H) and (h)(7)(A). Subsection (H) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an order or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

IT IS SO ORDERED this 30th day of November, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] 18 U.S.C. § 3161(h)(1)(A).